UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
GARY ALEXANDER C.,

                      Plaintiff,        <u>DECISION AND ORDER</u>
                                                 7:22-cv-07443-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In June of 2019, Plaintiff Gary Alexander C.[1] applied for

Supplemental Security Income Benefits under the Social Security Act. The

Commissioner of Social Security denied the application.  Plaintiff,

represented by Ny Disability, LLC, Daniel Berger, Esq., of counsel,

commenced this action seeking judicial review of the Commissioner's

denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties

consented to the jurisdiction of a United States Magistrate Judge. (Docket

No. 14).

This case was referred to the undersigned on August 18, 2023.

Presently pending are the parties' Motions for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil
Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States.

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket Nos. 21,

23). For the following reasons, Plaintiff's motion is due to be granted, the

Commissioner's motion is due to be denied, and this case is remanded for

calculation of benefits.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on June 21, 2019, alleging disability

beginning June 12, 2019. (T at 20, 80).[2]  Plaintiff's application was denied

initially and on reconsideration.  He requested a hearing before an

Administrative Law Judge ("ALJ").  A hearing was held on March 18, 2021,

before ALJ Angela Banks. (T at 45-69). Plaintiff appeared with an attorney

and testified. (T at 51-58). The ALJ also received testimony from Susan

Moyes, a vocational expert. (T at 58-67).

### B.    ALJ's Decision

On May 21, 2021, the ALJ issued a decision denying the application

for benefits. (T at 14-33).  The ALJ found that Plaintiff had not engaged in

substantial gainful activity since June 21, 2019 (the date he applied for

benefits). (T at 22).  The ALJ concluded that Plaintiff's schizophrenia

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 15.

disorder, major depressive disorder, and traumatic brain injury were severe impairments as defined under the Social Security Act. (T at 22).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 22).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: he can perform simple, routine, and repetitive tasks in a low stress job (defined as requiring no more than occasional decision-making, occasional judgment, and occasional changes in the work setting); and he can perform work that is goal oriented, but no production pace rate work, and can tolerate occasional contact with co-workers, supervisors, and the public. (T at 25).

The ALJ found that Plaintiff had no past relevant work. (T at 28). Considering Plaintiff's age (32 years old on the application date), education (limited), work experience (no past relevant work), and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 28).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits

for the period between June 21, 2019 (the application date) and May 21, 2021 (the date of the ALJ's decision). (T at 29).  On July 8, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-9).

### C.    Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on August 31, 2022. (Docket No. 1).  On June 14, 2023, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 21, 22)  The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on August 11, 2023. (Docket Nos. 23, 24).  On August 30, 2023, Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 25).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the

4

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B.     Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises one primary argument in support of his request for reversal of the ALJ's decision.  Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC determination.

### A.    Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013

WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's application for benefits was filed on March 28, 2017 (T at 10), the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence

from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Bebsy Estefan, Plaintiff's treating psychiatrist, completed a medical source statement in February of 2020. She noted a diagnosis of schizophrenia, paranoid type. (T at 417). Dr. Estefan opined that Plaintiff would be absent from work more than 3 times per month due to his impairments or treatment. (T at 418). She assessed marked to extreme loss with respect to Plaintiff's ability to understand, remember, or carry out instructions; and marked to extreme impairment in Plaintiff's capacity to respond appropriately to supervision, co-workers, and work pressure. (T at 419). Dr. Estefan concluded that Plaintiff would experience

constant deficiencies of concentration, persistence, or pace, resulting in the failure to complete tasks in a timely manner. (T at 420).

Dr. Howard Tedoff performed a consultative examination in September of 2019.  Dr. Tedoff described Plaintiff as cooperative, with adequate social skills, intermittent eye contact, slow speech, restricted affect, intact attention and concentration, "barely" intact memory, fair insight and judgment, and below average cognitive functioning. (T at 368-69).

Dr. Tedoff diagnosed schizophrenia (paranoid type with history of auditory hallucinations muted by medication); depressive disorder (unspecified); anxiety disorder; learning disorder; mildly deficient to borderline intellectual functioning; and substance abuse in remission. (T at 370).

Dr. Tedoff opined that Plaintiff would have no difficulty understanding and remembering simple directions and instructions, with mild to moderate limits following the directions. (T at 370).  He assessed marked to extreme impairment in Plaintiff's ability to understand, remember, or apply complex directions and instructions. (T at 370).  Dr. Tedoff believed Plaintiff would have marked difficulties using reason and judgment to make work-related decisions; marked impairment in social interaction; and marked to extreme limitation in maintaining an ordinary routine and regular attendance at work.

(T at 370).  Dr. Tedoff characterized Plaintiff's prognosis for being able to obtain and sustain gainful employment as "poor." (T at 370).

The ALJ found Dr. Estefan's opinion unpersuasive and Dr. Tedoff's assessment only partially persuasive. (T at 27).  The Court concludes that the ALJ's analysis was inadequate and is not supported by substantial evidence. Here's why.

The Second Circuit has recognized the particular value of treating source opinions when reviewing claims involving mental impairments.  *See Flynn v. Comm'r of SSA*, 122 (2d Cir. 2018)("The treatment provider's perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as [x-rays] or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations.").

Although the treating physician rule no longer applies, this important principle persists, as the opportunity to observe and treat the claimant constitutes important "support" for a medical opinion under the new standard. *See, e.g., Raymond M. v. Comm'r of Soc. Sec*., No. 5:19-CV-1313 (ATB), 2021 U.S. Dist. LEXIS 32884, at *28 (N.D.N.Y. Feb. 22, 2021).

"As the amended regulations note, '[a] medical source may have a better understanding of your impairment(s) if he or she examines you than

11

if the medical source only reviews evidence in your folder.'" *Id.* (quoting 20 C.F.R. §§ 404.1520c(c)(3)(v), 416.920c(c)(3)(v))); *see also Cuevas v. Comm'r of Soc. Sec.*, No. 20-CV-0502 (AJN) (KHP), 2021 U.S. Dist. LEXIS 19212, at \*25-26 (S.D.N.Y. Jan. 29, 2021)("A survey of … cases … show[s] that while the treating physician's rule was modified, the essence of the rule remains the same, and the factors to be considered in weighing the various medical opinions in a given claimant's medical history are substantially similar.")(collecting cases).

"Even though ALJs are no longer directed to afford controlling weight to treating source opinions—no matter how well supported and consistent with the record they may be—the regulations still recognize the 'foundational nature' of the observations of treating sources, and 'consistency with those observations is a factor in determining the value of any [treating source's] opinion.'" *Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at \*6 (D. Vt. July 14, 2020)(quoting *Barrett v. Berryhill*, 906 F.3d 340, 343 (5th Cir. 2018)).

Here, the ALJ rejected Dr. Estefan's opinion without considering the critical consistency between her findings and the assessment of Dr. Tedoff, the consultative examiner.  Dr. Estefan and Dr. Tedoff recognized that Plaintiff's schizophrenic symptoms were relatively stable with medication

and treatment, but both believed he would decompensate with marked to extreme impairment if subjected to even the basic demands of competitive, remunerative work. (T at 370, 418).

The ALJ discounted Dr. Estefan's opinion without addressing its consistency with Dr. Tedoff's assessment.  The ALJ considered the assessments in isolation and took no apparent account that the only two mental health professionals who treated or examined Plaintiff were united in their conclusion that he would have marked to extreme limitation in the performance of basic work activities.

This was error.  *See Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *7 (D. Vt. July 14, 2020)("[T]he ALJ should have considered that the opinions of Stephens and Dr. Lussier are consistent with each other."); *Malia Ann B. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2838054, at *7 (N.D.N.Y. Feb. 23, 2023), *report and recommendation adopted*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2623865 (N.D.N.Y. Mar. 24, 2023)(collecting cases holding that "the ALJ is obligated to discuss the consistency of a medical opinion with the other evidence in the record, which necessarily includes other medical opinions").

In addition, the ALJ overrated the relevance of Plaintiff's ability to maintain appropriate affect during relatively brief, relatively infrequent

encounters with supportive mental health professionals. Plaintiff lives with his mother, stays at home most of the day, is socially isolated, is prescribed a broad range of psychotropic medications (clonazepam, bupropion, risperidone, and Lexapro), needs reminders to attend appointments, and relies on his mother for transportation. (T at 298, 367, 384-85, 425-27).

The Commissioner's regulations recognize that a claimant's "ability to complete tasks in settings that are highly structured, or that are less demanding or more supportive than typical work settings does not necessarily demonstrate [her] ability to complete tasks in the context of regular employment during a normal workday or work week."  20 C.F.R. Subpt. P, App. 1 § 12.00 (C) (6) (b); *see also Primo v. Berryhill*, 17 Civ. 6875, 2019 U.S. Dist. LEXIS 27074, at *31 (S.D.N.Y. Feb. 19, 2019)(noting that ALJs must recognize that "the effects of a mental health issue may be different in a work setting than in a non-work setting"); *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 Fed. Appx. 119, 121 (2d Cir. 2018)(decision to discount opinion based on treatment notes indicating claimant was "well-groomed and with calm affect" was "an assessment ... beyond the scope of the ALJ's authority").

The primary issue is the extent to which Plaintiff's symptoms would be expected to be exacerbated if he was exposed to the demands of

competitive, remunerative work on a consistent basis.  As discussed above, the emphatic, uniform judgment of his long-time treating psychiatrist and the Commissioner's consultative examiner was that Plaintiff would decompensate and be unable to perform key duties, including maintaining attendance on a consistent basis.  (T at 370, 418).

The ALJ's decision to discount those assessments based primarily on the mental status examinations does not reflect the proper application of applicable law. *See Stacey*, 799 Fed. Appx. at 11 ("It would be improper to rely on these mental status evaluations to conclude that Stacey is capable of prolonged concentration while simultaneously ignoring the contrary conclusion of the very physicians who made the evaluations.").

Some support for the ALJ's decision is be found in the opinions of Dr. Hennessy and Dr. Blackwell, the non-examining State Agency review consultants, who assessed mild to moderate impairment in Plaintiff's ability to perform basic work activities. (T at 73, 86).

These assessments, however, which the ALJ herself found only partially persuasive (T at 27), are insufficient to sustain the ALJ's decision in light of the errors outlined above. *See, e.g., Raymond M. v. Comm'r of Soc. Sec*., No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *9 (N.D.N.Y. Feb. 22, 2021)("With respect to consistency, the ALJ should have addressed the

fact that Dr. Ferrin's opinion was an outlier among the medical opinions of record."); *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 885 (D. Vt. 2021)("The new regulations cannot be read as a blank check giving ALJs permission to rely solely on agency consultants while dismissing treating physicians in a conclusory manner.").

### B.    Remand

A court reviewing the denial of benefits may, in its discretion, remand a claim for further proceedings, or solely for the calculation of benefits. 42 U.S.C. § 405(g) (sentence four) (a reviewing court may enter, upon the pleadings and the administrative record, "a judgment affirming, modifying, or reversing the decision of the Commissioner ... with or without remanding the cause for a rehearing").

Where the record is complete and contains persuasive proof of disability, "no purpose would be served" by additional administrative proceedings and remand for calculation of benefits is warranted.  *Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir.2000).

Here, the record is complete and contains persuasive proof of disabling psychiatric symptoms, as evidenced by multiple medical opinions from providers with the opportunity to observe and evaluate Plaintiff.

The Commissioner does not articulate any purpose that would be served by further administrative proceedings and this Court finds none.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 21) is GRANTED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 23) is DENIED; and this case is REMANDED for calculation of benefits. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: September 18, 2023          *s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge